■ In the Matter of TIMOTHY N., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order of the Family Court of Schoharie County (Lamont, J.), entered November 30, 1981, which remanded appellant to the custody of the New York State Division for Youth for a period of 18 months. As a result of an incident which allegedly occurred in the Ryder School in the Village of Cobleskill, Schoharie County, and involved appellant and two female custodians at the school, a petition was filed in Schoharie County Family Court charging appellant with having performed certain acts which, if done by an adult, would have constituted the crimes of sexual abuse in the first degree (Penal Law, § 130.65), attempted rape in the first degree (Penal Law, § 130.35), burglary in the third degree (Penal Law, § 140.20), and assault in the third degree (Penal Law, § 120.00). Following *Wade* and adjudicatory hearings, the court ultimately adjudged appellant to be a juvenile delinquent on the ground that he, while under the age of 16, engaged in conduct which if done by an adult would constitute sexual abuse in the first degree. As a consequence, appellant was remanded to the custody of the New York State Division for Youth for a period of 18 months, and the present appeal ensued. We hold that the challenged Family Court order should be affirmed and, in so ruling, find without merit appellant's assertion that testimony identifying him as the perpetrator of the acts which gave rise to the petition was possibly tainted by pretrial identification procedures utilized by the police. Not only do we have no quarrel with the subject identification procedures whereby three witnesses independently identified appellant as the perpetrator of the acts by selecting his photograph from a local school's yearbook containing the pictures of hundreds of males of similar age and appearance residing in the community, but also it is clear from the record that, even if the procedures adopted were somehow suspect, the three witnesses all had an independent basis for their in-court identification of appellant, i.e., their observation of him at the school on the day of the incident (see *Manson v Brathwaite,* 432 US 98). Appellant's remaining arguments are likewise unpersuasive. The identification witnesses' testimony describing the perpetrator of the acts is substantially consistent and constitutes an accurate description of appellant, and any variations in this testimony were minimal and only raised credibility issues for the court to resolve. Similarly, the court could properly find beyond a reasonable doubt that appellant used forcible compulsion to engage in his sexual assault on one of the female custodians. The evidence shows that during the episode in question the assault victim was grabbed,

slapped and pulled to the floor while she continued to try to get away and was screaming for help (cf. *People v Dozier*, 85 AD2d 846). Order affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.